UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:                                                                                                  CASE NO. 20-10440-LMI

DOREEN REYES,                                                                             CHAPTER 13
SS#: XXX-XX-8144

      Debtor.
_____/

**<u>EMERGENCY MOTION TO ANNUL THE AUTOMATIC STAY NON PRO TUNC TO PETITION DATE AND FOR RATIFICATION OF FORECLOSURE SALE, ISSUANCE OF THE CERTIFICATE OF SALE AND CERTIFICATE OF TITLE</u>**

**EMERGENCY HEARING REQUESTED**

**<u>REASON FOR EXIGENCY AND NECESSITY
FOR EMERGENCY HEARING-LOCAL RULE 9075-1</u>**

**1.     There is no policy of insurance protecting the property which is the subject of this Motion because the Bonafide Purchaser has been unable to enter the property despite obtaining a Certificate of Sale and a Certificate of Title and is unable to obtain a writ of possession since the Debtor is contesting the validity of the Certificate of Sale and Title on the basis that the foreclosure sale took place the same day as the Debtor filed her bankruptcy. Bonafide Purchaser requests that a hearing be set prior to March 2, 2020 as the Debtor is attempting to vacate the sale in state court despite the dismissal of her bankruptcy case.**

COMES NOW the Bonafide Purchaser ROCCAFORTE LLC ("Roccaforte"), by and through its undersigned counsel, files this Motion to Annul the Automatic Stay and pursuant to 11 USC §362(d)(1) as grounds states:

2.     The Debtor owned the following real property:

Unit 101 of Bldg. 7, MONTEREY AT MALIBU BAY CONDOMINIUM ONE, according to the Declaration of Condominium recorded in Official Records Book 23185, Page 1069 of the Public Records of Miami-Dade County, Florida ("the Property")

a/k/a 3385 NE 10 Street, #101, Homestead, Florida  33033

3. The Property was foreclosed on by Malibu Bay Community Assn., Inc. and a Final Judgment of Foreclosure was entered on December 9, 2019.

4. The Property was scheduled for foreclosure sale on January 14, 2020.

5. The property was sold on January 14, 2020 to Roccaforte and a Certificate of Sale was issued 3 days later.  A copy of the Certificate of Sale is attached as Exhibit A.

6. Unbeknownst to Roccaforte, the Debtor filed the instant bankruptcy on the same day of the foreclosure sale and provided no notice of her bankruptcy filing to the state court.

7. Roccaforte obtained the Certificate of Title to the Debtor's former property on January 30, 2020- **3 days after the Debtor's case was dismissed**. A copy of the Certificate of Title is attached as Exhibit B.

8. The Debtor did not obtain budget and credit counseling pre-petition and did not state an exigent circumstance that prevented her from receiving the credit counseling.  See D.E 4.

9. Debtor's case was dismissed on January 27, 2020 for her failure to file a Creditor Matrix by the deadline of January 21, 2020. See D.E 13 Order Dismissing Case.

## **THE DEBTOR WAS INELIGIBLE DUE TO HER FAILURE TO OBTAIN CREDIT COUNSELING PREPETITION**

10. The Debtor has never completed a credit counseling course.

11. Consequently, she was ineligible to be a debtor under 11 U.S.C. § 109(h)(1) since she did not obtain budget and credit counseling pre-petition and did not demonstrate that exigent circumstances prevented her from receiving the counseling.

12. The Debtor does not even meet the eligibility requirement under 11 U.S.C. § 109(h)(3) as the Debtor's filed certification did not describe the exigent circumstances that merit a waiver of the requirements or state she was unable to obtain counseling within 5 days of requesting it from a counseling agency. The Debtor merely states in her Motion for Waiver of Credit Counseling, D.E. 4 that "I was informed by a lawyer to come here to try and save my condo but was not told that I needed to complete any course."

## **THE AUTOMATIC STAY SHOULD BE ANNULED AND THE POSTPETITION FORECLOSURE SALE, ISSUANCE OF THE CERTIFICATE OF SALE AND CERTIFICATE OF TITTLE SHOULD BE RATIFIED**

13. The following factors as those a court should consider in determining whether to grant a request to annul the stay and validate a post petition foreclosure sale:

    (1) whether the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay;

    (2) whether the debtor has acted in bad faith;

(3) whether grounds for relief from stay exist and a motion, if filed, would have been granted prior to the violation;

(4) whether failure to grant retroactive relief would cause unnecessary expense to the creditor;

(5) whether the creditor has detrimentally changed its position on the basis of the action taken;

*In re Barr, 318 B.R. 592* (Bankruptcy. M.D. Florida 2004)

## **ROCCAFORTE DID NOT HAVE ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF THE BANKRUPTCY FILING**

14. To repeat, on January 14, 2020, the Property was sold at foreclosure pursuant to the Final Judgment. Roccaforte was the successful bidder at the foreclosure sale and paid all amounts due the Circuit Court Clerk.

10. Upon the filing of the Debtor's bankruptcy she failed to disclose the filing to the state court and the foreclosure sale went through the normal auction process which led to Roccaforte obtaining the Certificate of Sale and Certificate of Title to the property. Consequently, neither the state court nor Roccaforte had knowledge- actual or constructive - of the Debtor's bankruptcy filing. A copy of the state court docket is attached as Exhibit C.

11. Notice was only given to the state court only February 7, 2020- **25 days after the filing of the bankruptcy**, by the Debtor filing a Motion to Set Aside the Foreclosure Sale. Despite having received the Certificate of Sale and Certificate of Title from the state court, Roccaforte was not even noticed regarding the Motion to Set Aside the Foreclosure sale.

**THIS CASE HAS BEEN FILED IN BAD FAITH**

12. As has been shown above, the Debtor did not obtain budget and credit counseling pre-petition and did not demonstrate that exigent circumstances prevented her from receiving the counseling. She is therefore ineligible to be a debtor under 11 U.S.C. § 109(h)(1).

13. The Debtor filed her Petition in this case despite the fact that she was ineligible to do so in order to prevent the sale of the Property and has acted in bad faith.

14. Despite this Court providing deadlines to file required documents and a creditor matrix, the Debtor failed to meet the deadlines provided. The Debtor had until January 21, 2020 to file a creditor matrix and failed to do so, even though she had an additional 6 days to file it before the entry of the dismissal order. This Court also provided a reminder to the Debtor to comply with the deadline in its Order Setting Hearing and Setting Deadline to file Credit Counseling Certificate. See D.E 7.  The Debtor did nothing.

**GROUNDS FOR RELIEF FROM STAY EXIST**

15. There is no policy of insurance on the Property for the benefit of Roccaforte. Roccaforte therefore lacks adequate protection of its interest in the Property.

16 Since the interest of Roccaforte in the Property is not adequately protected, 11 U.S.C.§ 362(d)(1) of the Bankruptcy Code requires this Court to grant Roccaforte relief from the automatic stay.

17. Furthermore, the Debtor was not eligible to be a Debtor as she failed to receive budget and credit counseling prepetition as required by 11 USC § 109(h)(1).

18. Consequently, cause would exist to grant a creditor or a Bonafide purchaser relief from stay.

### **FAILURE TO GRANT ROCCAFORTE RETROACTIVE RELIEF WILL CAUSE IT UNNECESSARY EXPENSE**

19. Roccaforte was required to pay the Circuit Court Clerk of over Two Thousand ($2,000.00) in fees in order to complete the sale of the Property. These fees will not be refunded to Roccaforte if its purchase of the Property is not upheld by this Court.

20. Roccaforte has lost the use of the $95,600.00 now in the possession of the Circuit Court Clerk and has had to incur attorney's fees and costs in order to bring this Motion before the Court.

### **ROCCAFORTE DETRIMENTALLY CHANGED ITS POSITION ON THE BASIS OF THE FAILURE OF THE DEBTOR TO TIMELY FILE HER PETITION AND PROVIDE NOTICE**

21. The Debtor filed the instant bankruptcy to stop the sale of the Property and but took no action to stop the sale before it actually took place and Roccaforte detrimentally relied on this inaction.

22. Roccaforte has incurred attorney fees and costs for having to come into bankruptcy court to preserve its rights and interest in the property and requests-as sanctions for Debtor's inaction- reimbursement for attorney fees and costs in the bankruptcy court plus any additional fees for having to defend in the state court against the Debtor's attempt to vacate the sale, plus any clerks' fees that may not otherwise be reimbursed by the Clerk of Court.

WHEREFORE, Bonafide Purchaser ROCCAFORTE, LLC. respectfully requests that the Court grant its Motion, enter an order annulling the stay non pro tunc as of the petition date of January 14, 2020, that the foreclosure sale be considered valid and the Certificates of Sale and Title be ratified, that the ten day stay of the order if any be waived, award attorney's fees and costs and provide such other and further relief to Roccaforte as this Court deems proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this Emergency Motion to Annul the Automatic Stay Non Pro Tunc to Petition Date and For Ratification of Foreclosure Sale, Issuance of the Certificate of Sale and Certificate of Title was served electronically or by mail to Nancy Neidich, Trustee, P.O.B. 279806, Miramar, FL 33027 and Timothy Kingcade, Esq., 1370 Coral Way, FL  33145 and Doreen Reyes, 3385 NE 10th Street, #101, Homestead, FL  33033 on February 20, 2020.

Respectfully Submitted,

Sabrina Chassagne, P.A.
The White Building
One N.E. 2nd Avenue
Suite 208
Miami, FL 33132
Phone (305) 358-0005
justice.one@earthlink.net

By: **s/Sabrina Chassagne**
    Sabrina Chassagne
    Fla. Bar No. 60682